IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ZACK WHITTAKER**<br>New Jersey<br><br>                    Plaintiff,<br><br>        v.<br><br>**UNITED STATES DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br><br>**FEDERAL BUREAU OF INVESTIGATION**<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535<br><br>                    Defendants. | Civil Action No. _____ |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Zack Whittaker ("Plaintiff"),[1] by and through his undersigned counsel, hereby alleges as follows:

1.      Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for declaratory, injunctive, and other appropriate relief against United States Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") (collectively, "Defendants").

2.      By this action, Plaintiff seeks to compel Defendants to comply with their obligations under FOIA to release records pertaining to Defendants' alleged

---

[1]      A contemporaneous Notice containing Mr. Whittaker's full residential address has been filed with the Court under seal.

investigation of Plaintiff connected to Plaintiff's reporting. Plaintiff is statutorily entitled to the disclosure of these records, and Defendants have improperly withheld them in violation of FOIA.

## Jurisdiction and Venue

3. The Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

5. Plaintiff Zack Whittaker is a journalist of nearly two decades covering cybersecurity, privacy, and national security. Currently he works at the news site TechCrunch and lives in New Jersey.

6. Defendant DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks. The DOJ's headquarters are located at 950 Pennsylvania Avenue NW, Washington DC 20530.

7. Defendant Federal Bureau of Investigation is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of the records that Plaintiff seeks. The FBI is a component of Defendant DOJ and its headquarters are located at 935 Pennsylvania Avenue NW, Washington, DC 20535.

2

**Facts**

*Background*

8.     On April 19, 2019, Plaintiff published the following article: Zack Whittaker, *Hacker dumps thousands of sensitive Mexican embassy documents online*, TechCrunch, https://perma.cc/TNN5-FJNT (the "Article").

9.     The Article reflects Plaintiff's reporting about an incident a few days prior, where a hacker obtained thousands of documents from Mexico's embassy in Guatemala and posted them online.  *See id.*

10.     On August 12, 2020, two FBI agents appeared at the door of Plaintiff's home in New York City.  Zack Whittaker, *FBI agents visited my home about an article I wrote, and now I can't go to Mexico*, This Week in Security (Feb. 25, 2026), https://perma.cc/KL5E-YK8Z.  One of the agents identified himself as Will McKeen from the FBI's New York field office.  *Id.*

11.     During the August 12, 2020 encounter, Agent McKeen asked Plaintiff about whether he had any contact with the Mexican government.  *Id.*  Plaintiff declined to answer the agent's questions and referred them to his employer's counsel.  *Id.*

12.     Approximately two weeks later, Agent McKeen emailed Plaintiff asking to set up time to interview him about his Article.  *Id.*  Plaintiff declined to answer.

13.     On or around September 23, 2020, the FBI sent a letter to Plaintiff consisting of questions posed by the Mexican government regarding the Article.  *Id.*

14.     In response, Plaintiff's employer responded to the FBI by stating, *inter alia*:  "We are unwilling to provide any further information related to this matter

other than the information that is already publicly available in the article cited above. Any additional information would relate to Mr. Whittaker, a member of the news media, acting within the scope of his newsgathering activities." *Id*.

*Plaintiff's FOIA Request*

15. On August 11, 2023, Plaintiff submitted FOIA requests to the FBI through its FOIA portal ("the Request"). A true and correct copy of the Request is attached hereto as **Exhibit A** and incorporated by reference.

16. The Request sought:

> [A]ll records at any and all FBI offices, including its headquarters, field offices, legal attaches, and facilities that maintain records under the FBI's control . . . relating to the MLAT Request from Mexico for Assistance in the Matter of Zack Whittaker (Mexican Reference Number: DGPI/2404/19; U.S. Reference Number: CRM-182-69384).

Ex. A.

17. The Request sought a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts in support thereof. *See* Ex. A.

18. On May 9, 2024, the FBI mailed a letter to Plaintiff denying the Request pursuant to a claim of FOIA Exemption 7(E), 5 U.S.C. § 552(b)(7)(E). A true and correct copy of the FBI's letter is attached hereto as **Exhibit B**.

19. On July 9, 2024, Plaintiff, via counsel, administratively appealed the FBI's denial of the Request. A true and correct copy of Plaintiff's administrative appeal is attached hereto as **Exhibit C** and incorporated by reference.

20. On September 2, 2025, the DOJ's Office of Information Policy ("OIP"), upon consideration of Plaintiff's administrative appeal, remanded the Request to the

4

FBI for reconsideration.  A true and correct copy of OIP's letter is attached hereto as **Exhibit D**.

21.    On October 31, 2025, the FBI informed Plaintiff via letter that it was maintaining its denial of the Request pursuant to a claim of Exemption 7(E).  A true and correct copy of the FBI's letter is attached hereto as **Exhibit E**.

22.    As of the date of the filing of this Complaint, it has been approximately 997 calendar days and 687 business days since Plaintiff submitted the Request.

23.    As of the filing of this Complaint, Plaintiff has received no further communications from the FBI regarding the Request.

<u>CAUSES OF ACTION</u>

**COUNT I**

**Violation of FOIA for Wrongful Withholding of Agency Records**

1.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

2.    Defendants are agencies subject to FOIA.

3.    By the Request, Plaintiff properly requested records within the possession, custody or control of the Defendants.

4.    The Request complied with all applicable regulations regarding the submission of FOIA requests.

5.    Defendants have not released any records or portions thereof in response to the Request.

5

6.    Defendants have not identified whether or how release of the records sought by the Request would foreseeably harm an interest protected by a FOIA exemption or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8).

7.    Defendants have improperly withheld records responsive to the Request in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

## Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)    Order Defendants to release all non-exempt records or portions thereof responsive to the Request;

(2)    Issue a declaration that Mr. Whittaker is entitled to disclosure of the records responsive to the Request;

(3)    Enjoin Defendants from continuing to withhold any and all non-exempt records or portions thereof responsive to the Request;

(4)    Award Plaintiff reasonable attorney fees and costs incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

(5)    Grant such other relief as the Court may deem just and proper.

Dated:  May 4, 2026

Respectfully submitted,

*/s/ Gunita Singh*
Gunita Singh
D.C. Bar No. 1601923
Email: gsingh@rcfp.org
REPORTERS COMMITTEE FOR FREEDOM
THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9308
Facsimile: 202.795.9310

*Counsel for Plaintiff*

7