UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZACH WHITTAKER,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al*.,<br><br>Defendants. | Civil Action No. 26-1522 (JMC) |

**<u>DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

Defendants, the Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI"), by and through undersigned counsel, respectfully submit this reply in support of their motion to dismiss Plaintiff Zack Whittaker's Complaint, ECF No. 1 ("Compl.") brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

**INTRODUCTION**

Plaintiff did not exhaust his administrative remedies. The facts are undisputed. The Office of Information Policy ("OIP") handles appeals of responses to FOIA requests for the Department of Justice. Here, upon appeal, OIP remanded to the FBI for further consideration of Plaintiff's FOIA request. After the remand, the FBI issued a new final determination to the FOIA request; this differed from its first response because it cited another exemption to withhold the records in full. Plaintiff never appealed that adverse determination, he concedes. Instead, he sued. Defendant moved to dismiss for failure to exhaust administrative remedies.

Now, Plaintiff offers three excuses. The Court should reject each one.

## ARGUMENT

**I. Plaintiff Failed to Exhaust Administrative Remedies**

First, Plaintiff insists he did exhaust his administrative remedies. He claims it was sufficient that after FBI's initial denial, he appealed to OIP. Pl. Br. 4-5. Not so. That ignores what happened next. OIP remanded to FBI, and FBI issued a new final determination. The FOIA requires a requester to appeal an adverse final determination before suing in court. *See Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990). Plaintiff cites no caselaw allowing him to bypass this requirement. Plaintiff had legal counsel during the administrative process who could have filed an appeal for him. *See* Compl. Ex. C.

Plaintiff leans heavily on one line in OIP's letter, stating that if he was "dissatisfied with [OIP's] action on [the] appeal, the FOIA permits [Mr. Whittaker] to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B)." Compl. Ex. D. Plaintiff did not then sue, however. Indeed, the Court in *Mosby v. Hunt* dismissed a complaint for failure to exhaust administrative remedies when OIP had remanded for an agency to conduct a new search but the plaintiff had sued before the agency had issued a new final determination. Civ. A. No. 9-1917 (JDB), 2010 WL 1783536, at *3 (D.D.C. May 5, 2010). A case cited in Defendant's motion to dismiss to which Plaintiff fails to respond. Plaintiff here waited for FBI to issue its new final determination post-remand. As noted, that new final response triggered the requirement that he appeal. In a similar context, the D.C. Circuit held in *Oglesby* that if a requester receives an agency response before filing suit—even when that response is untimely—the requester must submit an administrative appeal before filing suit. *Oglesby*, 920 F.2d at 63-64. Similarly, Plaintiff needed to appeal after the FBI's new final determination. The FBI's letter told him of his appeal rights and how to do so. Compl. Ex. E at 3. Thus, even if Plaintiff could have sued as soon as OIP issued its appeal decision remanding to FBI (which Defendants do not concede), once FBI issued a new

final determination, then the FOIA required Plaintiff to appeal that new final determination to OIP before suing.

## II. The FBI's Response Post-Remand Counts as a Final Determination Requiring an Administrative Appeal

Second, Plaintiff argues that FBI's second response did not count as a final determination. Pl. Br. at 5-11. This misunderstands the final determination requirement. Defendant's Motion explained why FBI's second response counted as a final determination. Def. Mot. at 5-6. To qualify as a "determination" that triggers the exhaustion requirement, an agency response must: "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Responsibility & Ethics in Wash. v. FEC* ("*CREW*"), 711 F.3d 180, 188 (D.C. Cir. 2013). Post-remand, the FBI reviewed the request, identified records for withholding, invoked specific exemptions—including asserting Exemption 3, which had not appeared in the May 2024 determination, and provided a citation-backed notice of Plaintiff's right to appeal within ninety days. Compl. Ex. E.

Plaintiff insists this was not a "determination…because it neither cited the statute it was invoking under Exemption 3 nor complied with FOIA's foreseeable harm standard." Pl. Br. at 6. But the D.C. Circuit in *CREW* did not require the level of detail demanded by Plaintiff. Instead, the Court held it sufficient to state "the exemptions [the agency] will claim[.]" *CREW*, 711 F.3d at 185. FBI did so here in its second response, citing Exemption 7(E) and Exemption 3 for withholding records. Compl. Ex. E. That satisfies *CREW*'s test. Plaintiff merely argues that FBI did not *correctly* assert Exemption 3 or *properly* address foreseeable harm. Pl. Br. at 6–11. Yet Plaintiff cites no caselaw that the *CREW* test requires that level of specificity to constitute a final

determination. *See id.* And that level of detail would make little sense on the threshold matter such as this. Plaintiff's issues with FBI's asserted FOIA exemptions are premature; those are summary judgment arguments on an exemption's applicability—not whether the agency issued a final determination requiring administrative exhaustion. *See Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 746 F.3d 1082, 1088 (D.C. Cir. 2014) (on summary judgment, "The agency bears the burden of establishing that a claimed exemption applies.").

The FBI's second response was a final determination not only under the *CREW* test, but also under Department of Justice regulations. *See* Def. Mot. at 5-6. The FBI issued an "[a]dverse determination" because it stated "the requested record is exempt," 28 C.F.R. § 16.6(d), so Plaintiff needed to "appeal any adverse determination to OIP," *id.* § 16.8(a), "[b]efore seeking review by a court of [FBI]'s adverse determination." *Id.* § 16.8(e). Because Plaintiff failed to respond to this argument, he has conceded that FBI issued a final determination. *See Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 238 F.Supp.2d 174, 178 (D.D.C. 2002) (citing *FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997)) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, the court may treat those arguments that the plaintiff failed to address as conceded."). Thus, as a final determination, Plaintiff was required to appeal to OIP.

## III. The Court Should Not Excuse Plaintiff's Failure to Exhaust Administrative Remedies

Third, as his redoubt, Plaintiff implores the Court to "excuse[ ]" his failure to exhaust. Pl. Br. at 11. Plaintiff does not engage with the caselaw. Courts permit this excuse only in extremely limited circumstances.

For one, "there is no futility exception to the exhaustion requirement in FOIA cases." *Freedom Watch, Inc. v. Nat'l Sec. Agency*, 134 F. Supp. 3d 437, 439 (D.D.C. 2015). As in another

case, "Plaintiff cites no authority demonstrating that the futility exception applies to the administrative exhaustion requirement under the FOIA. Courts "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Rosenberg v. U.S. Dep't of Immigr. & Customs Enf't*, 956 F. Supp. 2d 32, 40–41 (D.D.C. 2013) (quoting *Booth v. Churner,* 532 U.S. 731, 741 n. 6 (2001)). "[B]inding Circuit precedent could not be clearer: exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA." *Id.* (quoting *Freedom Watch, Inc. v. CIA,* 895 F.Supp.2d 221, 227 n. 2 (D.D.C.2012)) (internal quotation marks omitted). Plaintiff indicates that an appeal to OIP would have been futile because while "FBI initially invoked Exemption 7(E) to deny Plaintiff's request in *toto*," upon remand, FBI again invoked Exemption 7(E) and newly asserted Exemption 3. Pl. Br. at 13. As demonstrated above, there is no futility exemption to exhaustion for FOIA. *See Freedom Watch*, 134 F. Supp. 3d at 439; *Rosenberg*, 956 F. Supp. 2d at 40–41. Even "[a]ssuming the futility exception applied in the FOIA context, exhaustion may only be excused where it would be futile because of certainty of an adverse decision." *Rosenberg*, 956 F. Supp. 2d at 41 (citation omitted)). In *Rosenberg*, there, as here, "the agency's interest in having the opportunity to correct its own errors and create an adequate record for review outweigh the Plaintiff's interest in immediate judicial review, particularly in light of the Plaintiff's extensive delay in pursuing his own claims." *Id.* at 42. Plaintiff waited over six months after FBI issued a new final determination to sue. *Compare* Compl. Ex. D. (Oct. 31, 2025) *with* Compl. (filed May 4, 2026). Here, Plaintiff "does not come close to supporting its contention that an adverse decision by the [government] was certain" just by pointing to "the purported inadequacy of [FBI]'s response[.]" *Freedom Watch*, 134 F. Supp. 3d at 439.

Plaintiff has not otherwise justified an excuse. In quite limited circumstances, "[t]he district court has discretion to overlook a failure to exhaust if 'the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further.'" *Khine v. United States Dep't of Homeland Sec.*, 943 F.3d 959, 968 (D.C. Cir. 2019) (quoting *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004)). "FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review[.]" *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003). The exhaustion requirement serves important institutional purposes. It permits agencies to apply their expertise, develop the factual record, and correct their own mistakes before judicial intervention. The D.C. Circuit has accordingly held that exhaustion prevents FOIA requesters from prematurely invoking judicial review in a manner that "cut[s] off the agency's power to correct or rethink initial misjudgments or errors." *Oglesby*, 920 F.2d at 64.

Post-remand, FBI asserted Exemption 7(E) and newly asserted Exemption 3. Compl. Ex. E. By failing to appeal, Plaintiff never gave OIP a chance to review, and potentially correct, this post-remand determination. *See Oglesby*, 920 F.2d at 64. These are merits questions that the agency was entitled to address prior to judicial review.

Contesting this, Plaintiff insists an administrative appeal would not have served the exhaustion requirement's purposes because FBI's second final determination provided only an "incomplete [ ] basis for withholding pursuant to Exemption 3." Pl. Br. at 13. That's not enough. Rejecting such a rationale, the D.C. Circuit held

> [e]xcusing [plaintiff]'s failure to exhaust would be inappropriate here. Khine's case focuses on the inadequacy of DHS' initial FOIA determination, but a shortfall of that type is paradigmatic of the type of problem that an administrative appeal is particularly suited to resolve. Administrative appeal provides the agency a further chance to "exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby*, 920 F.2d at 61. As we explained,

> "[a]llowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power to correct or rethink initial misjudgments or errors." *Id.* at 64.

*Khine*, 943 F.3d at 968. "The key inquiry is whether "permitting [the plaintiff] to pursue judicial review without benefit of prior [agency] consideration would undercut the purposes of exhaustion, namely, preventing premature interference with agency processes, ... afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, ... [or] compil[ing] a record which is adequate for judicial review.'" *Flete-Garcia v. U.S. Dep't of Just.*, Civ. A. No. 19-2382 (RDM), 2021 WL 1146362, at *4 (D.D.C. Mar. 25, 2021) (quoting *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003)). Plaintiff's failure to appeal deprived OIP the chance to apply its expertise, potentially correct the FBI's decision before requiring Court intervention, and develop the record. Plaintiff cannot point to FBI's prior withholding of records to justify an excuse. Albeit in a case with multiple FOIA requests, the D.C. Circuit rejected an excuse argument when the plaintiff argued he did not need to appeal the handling of his third FOIA request when he disagreed with how the agency handled the first two. *See Machado Amadis v. United States Dep't of State*, 971 F.3d 364, 373 (D.C. Cir. 2020). There, "Administrative appeals" still "would have furthered the 'purposes and policies' of the exhaustion requirement." *Id.* (quoting *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam)). Plaintiff, represented by counsel during the administrative process, cannot argue he did not understand the appeal requirement. Compl. Ex. C.

Plaintiff's case is unlike those rare cases where courts have excused failure to exhaust FOIA claims. *See, e.g.*, *Nat'l Sec. Couns. v. Dep't of Justice*, 848 F.3d 467, 470 (D.C. Cir. 2017) (allowing plaintiff to maintain unexhausted claim because 'two co-plaintiffs jointly asserting precisely the same claim in the same action did exhaust"); *Bayala v. United States Dep't of Homeland Sec., Off. of Gen. Couns.*, 827 F.3d 31, 35 (D.C. Cir. 2016) ("The Department's argument that exhaustion of its original administrative decision was required, however, became

moot once it chose to abandon its previous determination, make a *sua sponte* disclosure of documents, and craft a new, five-page-long explanation for this different withholding decision in the district court, the content and specificity of which went far beyond the original, perfunctory administrative decision"); *People for the Ethical Treatment of Animals v. NIH*, 853 F. Supp. 2d 146, 153 (D.D.C. 2012), *aff'd in part, vacated in part, on other grounds*, 745 F.3d 535 (D.C. Cir. 2014) (determining plaintiff's failure to file timely administrative appeal did not bar court's consideration under exhaustion where agency provided substantive response to that untimely appeal).

Plaintiff also suggests that his status as a "journalist" justifies excusing his failure to exhaust. Pl. Br. at 1. He takes an approach "inconsistent with the fundamental FOIA principle that 'the identity of the requesting party has no bearing on the merits of his or her FOIA request.'" *Roth v. U.S. Dep't of Just.*, 642 F.3d 1161, 1183 (D.C. Cir. 2011) (quoting *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 771 (1989)).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss Plaintiff's Complaint.

Dated: August 14, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Mason D. Bracken*
MASON D. BRACKEN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2523

*Attorneys for the United States of America*